FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY KETCHUM,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 1:17-CV-03002-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART<br><br>ECF Nos. 14, 19 |

      BEFORE THE COURT is Defendant's Motion for Remand (ECF No. 19), and Plaintiff's Motion for Summary Judgment (ECF No. 14). This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney D. James Tree. The defendant is represented by Special Assistant United States Attorney Leisa A. Wolf. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons

ORDER - 1

discussed below, the Court **GRANTS** Defendant's Motion for Remand, ECF No. 19, and **GRANTS, in part**, Plaintiff's Motion for Summary Judgment, ECF No. 14.

**BACKGROUND**

Plaintiff Mary Ann Ketchum applied for supplemental security income and disability insurance benefits, alleging an onset date of June 10, 2010. Tr. 218-33. Benefits were denied initially (Tr. 145-59) and upon reconsideration (Tr. 161-71). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Ilene Sloan on September 30, 2015. Tr. 54-93. At the hearing, Plaintiff amended her alleged onset date of disability to December 11, 2013; which resulted in the dismissal of her claim under Title II of the Social Security Act, because she would not have disability insured status on the date of onset. Tr. 58-60. Plaintiff was represented by counsel and testified at the hearing. The ALJ denied benefits. Tr. 32-53. On July 18, 2016, the Appeals Counsel denied review, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

On June 14, 2017, Plaintiff sought judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 14. In the Motion for Summary Judgment,

Plaintiff raised the following issues for the Court's review: (1) whether the ALJ reversibly erred at step three by concluding Plaintiff did not meet or equal Listing 1.02; (2) whether the ALJ committed reversible error by improperly rejecting Plaintiff's symptom testimony as not credible; and (3) whether the ALJ committed reversible error by improperly weighing the medical evidence.  ECF No. 14 at 7-20.  On August 24, 2017, Defendant filed a Motion for Remand, wherein "[t]he Commissioner agrees with Plaintiff's assertion that there was error, but asserts that remand for further proceedings is the proper remedy because there are unresolved issues that need to be evaluated and the record does not clearly require a finding of disability."  ECF No. 19 at 2.  Plaintiff did not reply to Defendant's Motion for Remand.

## DISCUSSION

In the Motion for Remand,

> [t]he Commissioner recommends that, upon remand, the ALJ shall offer Plaintiff an opportunity for a new hearing, further update the medical record, and issue a new decision.  The ALJ shall also:
> 
> - Reevaluate the medical evidence of record giving legally sufficient reasons for the evaluation, in particular the medical opinion from Dr. Crank concerning Plaintiff's use of a walker;
> - Obtain medical expert testimony to assess whether Plaintiff meets or equals Listing 1.02;
> - Reassess Plaintiff's RFC and reconsider the remaining steps of the sequential evaluation process and if needed, obtain vocational evidence.

ORDER - 3

ECF No. 19 at 2. Plaintiff did not respond to this recommendation. Thus, the Court is left to surmise, based on Plaintiff's Motion for Summary Judgment, ECF No. 14, that the point of contention between the parties is whether the case should be reversed and remanded for further proceedings, or remanded for an immediate award and calculation of benefits.[1] ECF No. 19 at 5-7; ECF No. 14 at 20.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison*, 759 F.3d at 1021 (noting that a district court

---

[1] Defendant contends that "Plaintiff asked the Commissioner to stipulate to the Appeals Council instructing the ALJ not to disturb a subsequent favorable decision made after the issuance of the ALJ's decision here." ECF No. 19 at 4-5. However, Plaintiff's briefing does not include such a request; thus, the Court declines to address any conversation between the parties that took place outside the record before the Court.

ORDER - 4

may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Plaintiff's Motion for Summary Judgment generally argues that the Court should remand for an immediate award and calculation of benefits, because "the evidence, including Plaintiff's testimony and the medical opinions, supports a finding of disabled;" and in particular, Plaintiff contends that "the record establishes [Plaintiff] has met Listing 1.02 since at least September 2013." ECF No. 14 at 20. Listing 1.02A requires that a claimant show major dysfunction of joints due to any cause, but characterized by "a gross anatomical deformity" "with chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)," with "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively as defined in 1.00B2b." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02A. According to

ORDER - 5

1.00B2b, an "inability to ambulate effectively" means "an extreme limitation of the ability to walk;" and examples of ineffective ambulation include, but are not limited to, (1) "the inability to walk without the use of a walker, two crutches or two canes" and (2) "the inability to walk a block at a reasonable pace on rough or uneven surfaces." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b)(1)-(2).

In the decision, the ALJ found Plaintiff "does not meet the Listing under 1.02 as she is able to ambulate effectively. While … [Plaintiff] was recently prescribed a walker, there is no indication she has used or will need such an assistive device for a continuous twelve-months." Tr. 39. Defendant concedes "that the ALJ committed legal error requiring remand," because "[w]hile medical evidence before August 2015 supported the ALJ's Listing 1.02 determination, recent medical evidence suggested Plaintiff's knee impairment worsened." ECF No. 19 at 3. Thus, Defendant maintains that the case should be remanded for further proceedings, wherein the ALJ shall reevaluate the medical opinion evidence, and obtain medical expert testimony to assess whether Plaintiff meets or equals Listing 1.02. ECF No. 19 at 2. The Court agrees. Plaintiff's Motion for Summary Judgment contends that Plaintiff "had met the listing of 1.02 at the time she was prescribed a walker in August 2015;" but the only evidence cited by Plaintiff to support the argument that Plaintiff had an "extreme limitation of the ability to walk" before August 2015 was a physical therapy treatment note in 2013

indicating Plaintiff was using a cane (Tr. 379), Plaintiff's subjective reports of back pain recorded in two treatment notes in late 2014 and early 2015 (Tr. 531, 540), and positive straight leg testing results in late 2014 and early 2015 (Tr. 528, 537, 542, 547). ECF No. 14 at 7-9. Based on this minimal evidence, the Court cannot find Plaintiff met her burden of establishing that her knee impairment "result[ed] in inability to ambulate effectively," such that it meets or medically equals listing 1.02A "since at least September 2013." Instead, as argued by Defendant, upon remand, the ALJ should consider evidence from August 2015, further updates of the medical record, and medical expert testimony; in order to determine whether Plaintiff meets or medically equals Listing 1.02A. ECF No. 19 at 2-4.

For these reasons, and after exhaustive review of the record, the Court finds it is not clear from the record that the ALJ would be required to find Plaintiff disabled at step three of the sequential analysis if all the evidence were properly evaluated.[2] Moreover, it is not clear from the record that the ALJ would be

---

[2] The Court is also compelled to note that the parties' briefing, and the ALJ decision, offered no analysis of whether Plaintiff's alleged knee impairment meets or equals the first prong of Listing 1.02A, which requires that a claimant show major dysfunction of joints due to any cause, but characterized by "a gross

ORDER - 7

required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to reconsider the medical opinion evidence and the credibility analysis.

Upon remand to the Commissioner of Social Security, the Appeals Council should remand this case to the Administrative Law Judge (ALJ) for a de novo hearing and a new decision. On remand, the ALJ will consider the evidence as a whole, and provide Plaintiff with an opportunity to submit additional evidence; reevaluate the medical evidence, and "in particular" the opinion of treating physician Dr. Crank concerning Plaintiff's use of a walker; obtain medical expert testimony to assess whether Plaintiff meets or medically equals Listing 1.02A; reevaluate Plaintiff's testimony; and reassess Plaintiff's residual functional capacity and reconsider the remaining steps of the sequential analysis. If necessary, the ALJ will obtain supplemental vocational expert testimony.

---

anatomical deformity" "with chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)," with "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02A.

Upon proper presentation, this Court will consider Plaintiff's application for costs and attorney's fees under 28 U.S.C. § 2412(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Remand, ECF No. 19, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED in part**.

The District Court Executive is directed to file this Order and forward copies to the parties. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** April 4, 2018.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge

ORDER - 9